UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Halliburton Energy Services Inc.,

    Plaintiff,

v.

Adam L. Snyder, *et al.*,

    Defendants.

Case No. 2:17-cv-349

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

On December 13, 2018, Magistrate Judge Jolson issued a Report and Recommendation ("R&R") recommending the Court grant in part Halliburton's partial motion for summary judgment, grant Halliburton summary judgment on Snyder's remaining negligent supervision counterclaim, and enter final judgment in favor of Halliburton in the amount of $507,372.29. R&R, ECF No. 107.

The R&R notified the parties of their right to object and of the deadline for doing so. *Id.* at 18. The R&R warned the parties that a failure to timely object would result in waiver of the right to *de novo* review of the R&R as well as a waiver of the right to appeal the Undersigned's Order adopting the R&R. *Id.* The deadline for filing objections has passed, and none were filed. Accordingly, the Court **ADOPTS** the R&R in full without *de novo* review.

The Court **GRANTS** Halliburton summary judgment on Snyder's negligent supervision counterclaim and **GRANTS IN PART** Halliburton's partial motion for summary judgment, consistent with the R&R. The Clerk shall enter final judgment in favor of Halliburton in the amount of $507,372.29.

Further, the Court **DECLARES** that the purported "Sole and Exclusive Lodging Vendor Contract and Service Agreement" is void and of no legal effect, that Halliburton has no duties or obligations arising thereunder, and that Halliburton owes no money to Snyder or SMS in connection with the void contract. Snyder and SMS are **PERMANENTLY ENJOINED** from using the void contract in any way, including presenting the forged and void contract to individuals and entities for any purpose, including the purpose that Snyder and SMS have authority to act on behalf of, in connection with, or in affiliation with Halliburton in any way.

Additionally, the Court **DECLARES** that Snyder and SMS are not agents of Halliburton, were never agents of Halliburton, have no authority to bind Halliburton, and have no authority to act on Halliburton's behalf in any way. Snyder and SMS are **PERMANENTLY ENJOINED** from acting in any way which would give the impression they are agents of Halliburton or have authority to act on Halliburton's behalf.

The Clerk shall enter final judgment consistent with this Order and close this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT